IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA     *
                             *
       v.                    *        1:13-CR-010
                             *
BRITTNEY WRIGHT              *
                             *
                             *
```

# O R D E R

On July 9, 2013, Brittney Wright ("Wright") pled guilty to conspiracy to defraud the United States Department of Treasury and to a felony violation of 18 U.S.C. § 641 for theft of public money by means of misappropriated social security numbers. (Doc. 293.) On January 14, 2014, this Court sentenced Wright to forty-two (42) months imprisonment. (Doc. 373.) Now before the Court is Wright's Motion to Reduce Sentence. (Doc. 442.) In this motion, Wright seeks a downward departure on account of her post-conviction rehabilitative efforts, her lack of criminal history, and the need to assist her family in the care of her elderly mother. For the reasons set forth below, the Court **DENIES** the motion.

Before reaching the merits of her motion, this Court must first determine whether it has the power to reconsider Wright's sentence. The general rule is that "[a] district court may not modify a term of imprisonment once it has been imposed, except

where expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)). Therefore, this Court must analyze whether either Rule 35 or 18 U.S.C. § 3582 are applicable to the facts of this case.

Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. FED. R. CRIM. P. 35(a). The Court sentenced Wright on January 14, 2014, and she filed the present motion on November 18, 2014. This time frame clearly falls outside the fourteen-day window, and therefore this Court does not have the power to review the sentence under Rule 35(a). Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. FED. R. CRIM. P. 35(b). However, no such motion has been filed by the government in this case.

The only additional authorization for a district court to modify a sentence is upon: (1) a motion by the Bureau of Prisons based on extraordinary circumstances or in cases involving an elderly prisoner; or (2) a retroactive amendment to the guidelines that lowers the sentencing range of the defendant.

18 U.S.C. § 3582(c). However, these requirements are not satisfied in the present action. The Bureau of Prisons has not moved to reduce Wright's imprisonment based on extraordinary circumstances or age. Moreover, there is no applicable change in the sentencing guidelines that has reduced Wright's guideline range. As such, the Court does not have the power under 18 U.S.C. § 3582(c) to review Wright's sentence.

For the foregoing reasons, Wright's Motion to Reduce Sentence (Doc. 442) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 21st day of November, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA